UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WEST AMERICAN INSURANCE COMPANY et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEL RAY PROPERTIES INC. et al., <br><br> Defendants. | CASE NO. 3:22-cv-05563-LK <br><br> ORDER TO SHOW CAUSE |

 This matter comes before the Court sua sponte. In its complaint, Plaintiffs West American Insurance Company and North Pacific Insurance Company claim that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Dkt. No. 1 at 2. However, Plaintiffs fail to allege facts sufficient to establish the citizenship of Defendant Del Ray Properties, Inc.

 "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A district court therefore has "an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination

ORDER TO SHOW CAUSE - 1

is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up); *see also* Fed. R. Civ. P. 12(h)(3) (the district court "must dismiss" an action if it "determines at any time that it lacks subject-matter jurisdiction"). As the party asserting jurisdiction, Plaintiffs have the burden of establishing it exists. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). As for the second requirement, the plaintiff must establish "complete diversity," meaning "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005); *accord, e.g.*, *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019); *Williams v. United Airlines*, 500 F.3d 1019, 1025 (9th Cir. 2007).

For diversity purposes, a corporation is a citizen "of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). Here, Plaintiffs allege that Del Ray "is a Washington corporation that does business within the City of Longview, Washington," but do not identify Del Ray's principal place of business. Dkt. No. 1 at 2. When the party asserting jurisdiction leaves "unclear where . . . corporations have their principal place of business, it is uncertain whether there is actually diversity of citizenship." *The Ridge at Riverview Homeowner's Ass'n v. Country Cas. Ins. Co.*, No. 21-CV-00950-LK, 2023 WL 22678, at *3 n.4 (W.D. Wash. Jan. 3, 2023) (internal quotation marks omitted) (quoting *Toll CA,*

ORDER TO SHOW CAUSE - 2

*L.P. v. Am. Safety Indem. Co.*, No. 16-CV-1523-BTM-RBB, 2016 WL 10907093, at *1 (S.D. Cal. June 27, 2016)); *see also Harborcloud, Inc. v. Sentinel Ins. Co., Ltd.*, No. C16-0651-JLR, 2016 WL 9415204, at *1 (W.D. Wash. May 10, 2016) (allegations that a defendant is a "Washington corporation" are insufficient for diversity purposes absent allegations of a defendant's principal place of business); *Royal Ins. Co. of Am. v. Caleb V. Smith & Sons, Inc.*, 929 F. Supp. 606, 608 (D. Conn. 1996) ("It is not sufficient to allege that the corporation does business in a state[.]").

Plaintiffs are accordingly ORDERED to show cause why this case should not be dismissed without prejudice for lack of subject matter jurisdiction. They must file a response to this Order no later than March 31, 2023, fully identifying the citizenship of Defendant Del Ray Properties, Inc. Failure to do so will result in dismissal.

Dated this 27th day of March, 2023.

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 3